MHN

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALEX DANIEL (#2007-0087744), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 3171 |
| v. ) | |
| ) | Judge John W. Darrah |
| CITY OF MATTESON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Alex Daniel, a pre-trial detainee at Cook County Jail, filed suit against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint names the City of Matteson, Cook County Sheriff Thomas Dart, Cook County, the South Suburban Task Force, and four "John Doe" Matteson police officers as Defendants. Presently pending before the Court is the City of Matteson's Motion to Dismiss.

## LEGAL STANDARD

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (*Bell Atlantic*)(citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002) (*Swierkiewicz*)). However, some factual allegations may be "so sketchy or implausible that they fail to provide sufficient notice to

defendants of the plaintiff's claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. Aug. 20, 2009) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice-pleading requirement that focuses the "litigation on the merits of the claim" rather than some technicality that might keep a plaintiff out of court. *Brooks*, 578 F.3d at 580 (quoting *Swierkiewicz*, 534 U.S. at 514). Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Id.* at 556.

However, "a court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks*, 578 F.3d at 581 (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009). Plaintiffs cannot "merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims. . . ." *Id.* at 581. "[C]ourts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal arguments." *Id.*

2

# ANALYSIS

A reading of Plaintiff's Amended Complaint supports the following summary of the alleged conduct of the parties.

Plaintiff shared a home with his wife in Matteson, Illinois. On May 23, 2007, the body of Plaintiff's wife was discovered at their residence by members of the Matteson Police Department, the Cook County Sheriff's Office ("CCSO"), and the South Suburban Task Force ("SSTF"). On that same day, unknown Matteson police officers and members of the CCSO and SSTF illegally searched Plaintiff's residence and illegally seized certain property from the residence. On May 30, 2007, the unknown Matteson police officers confiscated Plaintiff's vehicle and his payroll check from his place of employment. On June 1, 2007, an unknown Matteson police officer prepared a false affidavit in order to have an arrest warrant issued for Plaintiff's arrest.

On October 17, 2007, while detained at the Milwaukee County Jail, Plaintiff was interviewed by two Matteson police detectives. During the interview, Plaintiff was physically assaulted by an unknown Matteson police officer while another unknown Matteson police officer looked on but did not intervene. In November 2007, unknown police officers gave false testimony before a grand jury in order to have Plaintiff indicted for a crime he did not commit.

Plaintiff further alleges that unknown police officers caused his image to be placed on television and print media causing him to lose his job and home. The unknown police officers prepared false police reports in order to get the State to prosecute him. The unknown police officers failed to follow leads of other suspects that would have led to Plaintiff's innocence. Plaintiff remains incarcerated on charges that he murdered his wife and awaits trial on those charges.

Plaintiff identified five counts in his Amended Complaint. Counts I through IV are brought against the individual Defendants, and Count V is brought against all Defendants. Count I alleges a claim for false arrest and false imprisonment. Counts II and III allege claims for the illegal search and removal of contents from Plaintiff's home and vehicle. Count IV alleges a claim of excessive force by the unknown Matteson police officers at the Milwaukee County Jail. Count V alleges state-law claims of malicious prosecution and false arrest. Plaintiff's original complaint, naming the City of Matteson and two unknown ("John Doe") Matteson police officers, was signed by the Plaintiff on May 20, 2009. Plaintiff's Amended Complaint was signed by the Plaintiff on September 14, 2009.

The City of Matteson, the only Defendant to have been served with the Complaint/Amended Complaint, seeks to be dismissed, contending that the false-arrest claim is time-barred and that Plaintiff fails to state a claim upon which relief can be granted as to his malicious-prosecution claim.

Defendant argues that Plaintiff's state-law false-arrest claim is time-barred under the Illinois Local Governmental and Governmental Employee Tort Immunity Act ("Act"). Pursuant to the Act, all state claims against municipalities and their employees must be filed within one year of when the cause of action accrues. 745 ILCS 10/8-101. A false arrest claim accrues on the day of the arrest. *See Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006). Plaintiff was arrested on October 17, 2007. Thus, he was required to file his claim on or before October 18, 2008. Plaintiff concedes that he did not timely file this claim and that his false-arrest claim against the City of Matteson is time-barred.

Defendant also argues that Plaintiff's malicious-prosecution claim should be dismissed because Plaintiff cannot state a claim upon which relief can be granted. To state a claim for

4

malicious prosecution under Illinois law, a plaintiff must allege: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendant instituted or continued the proceedings maliciously; (4) the proceedings were terminated in plaintiff's favor; and (5) there was an injury. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). Plaintiff concedes that he cannot, at this time, plead that the proceedings were terminated in his favor. Thus, Plaintiff cannot state a claim upon which relief can be granted. In his response, Plaintiff requests that his malicious-prosecution claim not be dismissed so that he may preserve his rights and not be time-barred as to this claim. However, a malicious-prosecution claim does not accrue until the time of acquittal. *See Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Thus, Plaintiff need not have filed this claim at this time to preserve the claim.

Based on the above, the City of Matteson's motion to dismiss is granted. Plaintiff's false-arrest claim against the City of Matteson is dismissed with prejudice. Plaintiff's malicious-prosecution claim is dismissed without prejudice. However, the City of Matteson is not dismissed as a Defendant at this time, but only to enable Plaintiff to learn the identities of the unknown Matteson police officers. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (collectively, when a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendant's supervisor/administrator). In his response, Plaintiff seeks leave to propound interrogatories on the City of Matteson to learn the identity of the unknown police officers. Plaintiff does not need leave of court to propound the interrogatories and should direct his interrogatories to the City of Matteson's counsel in a timely manner. The City of Matteson shall timely respond to any

requests seeking materials relevant to the Plaintiff's learning the identity of the unknown officers. Once Plaintiff learns the identities of the unknown Defendants, he must submit an amended complaint naming those individuals and identifying those individuals' alleged actions in his statement of his claim. The Clerk shall provide Plaintiff an amended civil rights complaint form and instructions.

Plaintiff's Amended Complaint also attempts to add three new Defendants, Cook County Sheriff Thomas Dart, Cook County, and the SSTF. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the amended complaint as to these newly added Defendants.

Plaintiff identifies Cook County Sheriff Dart as a Defendant in the caption and as a party to the lawsuit, in his individual capacity. However, Plaintiff fails to make any allegations against Sheriff Dart in his Amended Complaint. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Furthermore, a supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Plaintiff fails to allege any personal involvement by Sheriff Dart; thus, Plaintiff fails to provide Sheriff Dart sufficient notice of the claims against him. *See Brooks*, 578 F.3d at 581. Accordingly, Sheriff Dart is dismissed without prejudice.

Plaintiff's claims as to Cook County and the SSTF are the same as those brought against the City of Matteson. For the reasons discussed above, Plaintiff's state-law claim for false arrest

as to Cook County and SSTF is dismissed with prejudice as time-barred, and his malicious-prosecution claim as to these Defendants is dismissed without prejudice.

## CONCLUSION

Defendant's motion to dismiss [26] is granted. Plaintiff's false-arrest claim against the City of Matteson, Cook County, and the South Suburban Task Force is dismissed with prejudice. Plaintiff's malicious-prosecution claim is dismissed as to all Defendants without prejudice. Cook County Sheriff Thomas Dart, Cook County, and the South Suburban Task Force are dismissed as Defendants. The City of Matteson is not dismissed as a Defendant at this time, but only to enable Plaintiff to learn the identities of the unknown Matteson police officers. Plaintiff should direct interrogatories to the City of Matteson's counsel in a timely manner. The City of Matteson shall timely respond to any requests seeking materials relevant to the Plaintiff's learning the identity of the unknown officers. Once Plaintiff learns the identities of the unknown Defendants, he must submit an amended complaint, naming those individuals and identifying those individuals' alleged actions in his statement of his claim. The Clerk shall provide Plaintiff an amended civil rights complaint form and instructions. In light of the above, Plaintiff's additional Amended Complaint [33] is stricken, and his Motion for a Stay [31], Motion to Compel [32], and Motion for Enlargement [34] are denied.

Dated: 2-4-10

JOHN W. DARRAH
United States District Court Judge