UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEX DANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-cv-3171 |
| v. ) | |
| ) | Judge John W. Darrah |
| CITY OF MATTESON, KEN ARVIN, ) | |
| JEREMY SIMS, and MATT RAFFERTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On July 27, 2010, Plaintiff, Alex Daniel, filed a Second Amended Complaint against the Ken Arvin, Jeremy Sims, Matt Rafferty, and the Village of Matteson ("Matteson").[1] Plaintiff asserts three claims: Count I purports to state a claim under 42 U.S.C. § 1983 against Defendants Arvin, Sims, and Rafferty, based on the actions taken during Plaintiff's interrogation on October 17, 2007. Count II purports to state a claim under § 1983 against Matteson based on Defendant Arvin's supervisory and policymaking authority. Count III purports to state a claim for unconstitutional seizure of Plaintiff's property; it is brought against Defendant Rafferty only. Presently before the Court is Defendants' motion to dismiss all claims against Matteson, Arvin, and Sims.

### BACKGROUND

The following facts are taken from Plaintiff's Second Amended Complaint and are accepted as true for purposes of this motion to dismiss.

---

[1] Plaintiff incorrectly named the Village of Matteson as the *City* of Matteson.

Plaintiff's wife died of a gunshot wound on May 23, 2007. Sometime around June 1, 2007, a warrant issued for Plaintiff's arrest. On October 17, 2007, Plaintiff was arrested by a deputy officer of the Milwaukee County Sheriff's Department in Milwaukee, Wisconsin, and transported to the Milwaukee County Criminal Justice Facility.

That same day, Officers Arvin, Sims, and Rafferty travelled to Milwaukee to interview Plaintiff. They interrogated him in an enclosed interview room while he was shackled to the floor. Plaintiff refused to answer their questions. One or more of the Defendant Officers then struck Plaintiff on the arm, caused the table in the interview room to strike him in the chin, and otherwise physically abused Plaintiff. The others watched without intervening.

Plaintiff filed this action *pro se* on May 26, 2009, against Matteson and Police Officers John Doe #1 and John Doe #2. None of the claims in Plaintiff's original Complaint involved the interrogation in Milwaukee on October 17, 2007.

On August 17, 2009, after Matteson filed a motion to dismiss, Plaintiff filed a motion to amend his Complaint. Plaintiff did not attach a proposed amended complaint to his motion. The Court entered Plaintiff's motion and continued it to a status hearing scheduled for September 22, 2009. On September 18, 2009, Plaintiff filed a *pro se* "Amended Complaint," which added claims against John Doe #3 and John Doe #4, based on the misconduct that allegedly occurred on October 17, 2007. On September 22, 2009,

Plaintiff's proposed Amended Complaint was entered on the docket, and notice was sent to counsel of record.[2]

On September 22, 2009, before Plaintiff's proposed Amended Complaint was entered on the docket, the Court granted Plaintiff's motion for leave to file an amended complaint and ordered him to do so by November 9, 2009. A status hearing was scheduled for November 17, 2009. On November 17, the Court entered a minute order, stating that the document filed on September 18 as Plaintiff's Amended Complaint would be accepted and deemed filed as of November 17, 2009.

On December 1, 2009, Matteson filed a motion to dismiss all claims asserted against Matteson in Plaintiff's Amended Complaint. The motion was granted on February 4, 2010. The Court dismissed all claims against Matteson but declined to dismiss Matteson from the suit at that time in order to allow Plaintiff to direct discovery to Matteson in an effort to learn the identities of the unknown officers. The Court also stated that Plaintiff could file a second amended complaint once he learned the identities of the unknown officers.

On May 13, 2010, Plaintiff's motion for appointment of counsel was granted. Plaintiff filed his Second Amended Complaint through Court-appointed counsel on July 27, 2010.

---

[2] Plaintiff is incarcerated. The "Notice of Filing" attached to his "Amended Complaint" states that he mailed it on September 14, 2009. The Clerk's Office stamped it on September 18, 2009. It did not appear on the docket until September 22, 2009.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Although affirmative defenses are not usually resolved on a motion to dismiss, dismissal under Rule 12(b)(6) is proper if the plaintiff's complaint, on its face, demonstrates that a claim is barred by a statute of limitations. *See Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Federal Rule of Civil Procedure 15(c)(1) provides that an amendment to a pleading relates back to the date of a timely pleading in certain situations:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

## ANALYSIS

### Count I

The statute of limitations for a § 1983 claim in Illinois is two years. *See Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Here, it is beyond dispute that the claims against Arvin and Sims accrued on October 17, 2007, when those two officers allegedly mistreated Plaintiff during an interrogation. It is also undisputed that Plaintiff did not name Arvin and Sims as defendants until filing his Second Amended Complaint on July 27, 2010 – well after the two-year statute of limitations had run. The issue is whether the claims in Plaintiff's Second Amended Complaint relate back to a timely filed pleading.

In their motion to dismiss, Defendants take the position that Plaintiff's claims against Arvin and Sims do not relate back to Plaintiff's *original* complaint, which contains no allegations regarding Plaintiff's interrogation. In so arguing, Defendants completely ignore Plaintiff's First Amended Complaint.

As outlined above, Plaintiff filed a motion to amend his original complaint on August 17, 2009. He then filed the proposed Amended Complaint on September 18, 2009. On September 22, 2009, the Court granted Plaintiff leave to amend his Complaint. On November 17, 2009, the Court deemed the proposed pleading Plaintiff had filed on September 18 to be his Amended Complaint and stated that it was effective as of November 17, 2009.

Because Plaintiff's cause of action against Arvin and Sims accrued on October 17, 2007, the time for Plaintiff to bring that claim expired after Plaintiff moved

to amend his complaint (and after Plaintiff filed his proposed Amended Complaint) but before the date the Court deemed that pleading to be effective. Defendants concede that Rule 15(c)(1)(B) would be satisfied if Plaintiff's Complaint had been deemed filed as of September 22, 2009, when it appeared on the docket. *See* Def. Reply Br., Docket No. 78, at 3 ("To be sure, had the Amended Complaint been timely filed, Plaintiff is correct that he could satisfy the prerequisite of Rule 15(c)(1)(B)."). However, Defendants place great emphasis on the Court's order deeming Plaintiff's Amended Complaint to be filed as of November 17, 2009, arguing that the claims in the Amended Complaint are untimely and that the claims in the Second Amended Complaint must, therefore, relate back to the *original* complaint.

The argument is unpersuasive. A statute of limitations is tolled while a proper motion to amend a pleading is pending. *See Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.").

As explained above, Plaintiff did not submit a proposed amended complaint in connection with his motion to amend and did not provide any indication as to the substance of his proposed amendment. He did, however, file a copy of what was ultimately accepted as his Amended Complaint on September 18, 2009, which first appeared on the docket on September 22, 2009. That Plaintiff did not file his proposed

Amended Complaint at the same time as his motion to amend is of no effect. Documents filed by *pro se* litigants are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). What is important is that Defendants had notice of Plaintiff's claims on September 22, 2009 – well before October 18, 2009, when the two-year statute of limitations had run. It would be unfairly prejudicial to Plaintiff to bar his claims based on the fact that the Court did not recognize his proposed Amended Complaint until the next status hearing on November 17. Accordingly, the statute of limitations on Plaintiff's claims against Arvin and Sims was tolled from at least September 22, 2009, when the Amended Complaint was filed in connection with Plaintiff's motion to amend and notice of the substance of the amendment was provided to Defendants. Thus, the claims in Plaintiff's First Amended Complaint are deemed to be timely filed.

Because Plaintiff's Second Amended Complaint asserts claims against Arvin and Sims based upon the same conduct that was asserted against John Doe #3 and John Doe #4 in his First Amended Complaint, Rule 15(c)(1)(B) is satisfied. According to Plaintiff, the analysis ends there. It does not; Plaintiff misinterprets the rule.

When an amendment changes a party or the naming of a party, relation back is governed, not by Rule 15(c)(1)(B), but by Rule 15(c)(1)(C), which expressly provides that certain requirements must be met *in addition* to the requisite showing under Rule 15(c)(1)(B).

Plaintiff's Second Amended Complaint substitutes Arvin and Sims for John Doe #3 and John Doe #4. The claim against Arvin and Sims will only relate back if Plaintiff can make two showings: (1) that Arvin and Sims received notice of the action

within the period provided by Rule 4(m) (i.e., 120 days from the date the First Amended Complaint was filed) such that they will not be prejudiced in defending this action on the merits and (2) that Arvin and Sims knew or should have known that, but for a mistake regarding their identity, the action would have been brought against them. *See* Fed. R. Civ. P. 15(c)(1)(C). Plaintiff has not done so.

Relation back under Rule 15(c)(1)(C) unequivocally requires a *mistake*. "A mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'" *Krupski v. Costa Crociere S.p.A*, 130 S. Ct. 2485, 2494 (2010) (quoting Black's Law Dictionary 1092 (9th ed. 2009)). Here, Plaintiff does not claim to have made a mistake as to Arvin's and Sim's identities; he claims he did not know their identities until April 2010. Lack of knowledge as to the proper defendant is not a mistake. The Seventh Circuit has "consistently held that Rule 15(c)[] does not provide for relation back under circumstances, such as here, in which the plaintiff fails to identify the proper party." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 915 (7th Cir. 2000) (*King*) (compiling cases). "Establishing the existence of a mistake is a threshold requirement in a 15(c)(1) inquiry, and is independent of the determination of whether the party to be brought in had knowledge of the action." *Pierce v. City of Chicago*, No. 09 C 1462, 2010 WL 4636676, at *2 (N.D. Ill. Nov. 8, 2010) (citing *King*, 201 F.3d at 914).

In *King*, the Seventh Circuit affirmed the district court's *sua sponte* dismissal of a claim against "one unknown federal correctional officer." *Id.* at 913. Noting that the statute of limitations had run and that the plaintiff's inability to identify the proper

8

defendant did not constitute a "mistake" for purposes of Rule 15(c), the court held that any future amendment would be futile even if the plaintiff were able to identify the defendant by name. *Id.* at 914. Because Plaintiff's belated substitution of Arvin and Sims was not based on a mistake, Plaintiff's claims do not relate back under Rule 15(c)(1)(C).

Notwithstanding his inability to show any mistake, Plaintiff also argues (without any supporting authority) that an order from this Court, allowing Plaintiff to conduct discovery to determine the correct identity of the unknown Defendants, indicates that his claims against Arvin and Sims should relate back. According to Plaintiff, the fact that the order was entered on February 4, 2010 – after the statute of limitations had run on any § 1983 claims arising from the incident that occurred on October 17, 2007 – implies that Plaintiff would be able to amend his complaint without regard for any statute of limitations. This argument is unpersuasive. No statute-of-limitations issue had been presented to the Court by either party at the time of the February 4 Order. The Court cannot be tasked with sorting through each of Plaintiff's claims to determine the effect of its orders in light of various statutes of limitations, and the fact that Plaintiff was given advance permission to amend his complaint did not mean that any subsequently filed complaint would be immune from all procedural challenges.

Plaintiff's final attempt to overcome the statute-of-limitations bar is to argue – again without any authority – that his status as an incarcerated, *pro se* litigant constitutes good cause for extending the time for him to effect service on Arvin and Sims. However, service of process is not the issue; notice is. In addition to requiring Plaintiff to show that

9

a mistake was made, Rule 15(c)(1)(C) requires Plaintiff to show that Arvin and Sims knew or should have known that they should have been named as defendants. Plaintiff concedes that he did not serve Arvin and Sims with any pleadings within 120 days of filing his First Amended Complaint, and he does not argue that they otherwise received actual notice of his claims against them. Instead, he states that *Matteson* knew which officers interviewed Plaintiff on October 17 and that Arvin and Sims should therefore have been on notice. Plaintiff does not explain how Matteson's knowledge should legally or factually be imputed to Arvin and Sims.

Ultimately, Plaintiff has failed to show that he made a mistake as to Arvin's and Sims's identities and that Arvin and Sims knew or should have known that Plaintiff intended to bring claims against them within the requisite time period. Therefore, Plaintiff's claims against Arvin and Sims do not relate back to the claims in his First Amended Complaint; and they must be dismissed based on the applicable statute of limitations. Defendants Arvin and Sims are dismissed from this action.

*Count II*

Count II alleges that Matteson is liable for the alleged use of excessive force by Officers Arvin, Sims, and Rafferty. In order to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom was "the moving force" behind the alleged constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). To establish such an official policy, a plaintiff must show that his injury was caused by "(1) the enforcement of an express policy of the City, (2) a widespread practice that is so permanent and well settled as to constitute a custom or

usage with the force of law, or (3) a person with final policymaking authority." *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001).

Plaintiff does not allege the existence of any express policy or widespread practice. Instead, he simply alleges that Defendant Arvin "was appointed to supervise and make policy decisions on behalf of the City of Matteson and the City of Matteson Police Department and was otherwise the person with final policymaking authority concerning the procedures to be followed and the actions to be taken by the City of Matteson in the investigation into the death of [Plaintiff's wife]." 2d Am. Compl. ¶ 23.

As Defendants note, however, "In order to have final policymaking authority, an official must possess '[r]esponsibility for making law or setting policy,' that is, 'authority to adopt rules for the conduct of government.'" *Rasche v. Village of Beecher*, 336 F.3d 588, 599 (7th Cir. 2003) (quoting *Auriemma v. Rice*, 957 F.3d 397, 401 (7th Cir. 1992)). In other words, the "official who commits the alleged violation of the plaintiff's rights [must have] authority that is final in the special sense that there is no higher authority." *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 469 (7th Cir. 2001).

Plaintiff makes no effort to rebut Defendants' argument that Plaintiff failed to allege facts sufficient to state a claim against Matteson based on the actions of a police officer whose supervisory authority was limited to a specific investigation. Indeed, Plaintiff's response brief contains no reference whatsoever to Count II. Accordingly, Defendants' motion to dismiss is granted as to Count II; Matteson is dismissed from this action.

## CONCLUSION

For the reasons stated above, Count I is dismissed as to Defendants Arvin and Sims; and Count II is dismissed in its entirety. Arvin, Sims, and Matteson are dismissed from this action. Defendant Rafferty remains a Defendant to Counts I and III.

Date: January 18, 2011

JOHN W. DARRAH
United States District Court Judge